**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**

**CIVIL NO. 1:05CV305-1-T**
**(1:02CR45 -T)**

| | |
|---|---|
| **MANUEL CARRIZOZA,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **v.** ) | **MEMORANDUM AND** |
| ) | **O R D E R** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| _____ ) | |

  **THIS MATTER** is before the Court on Petitioner's motion to vacate,

set aside, or correct sentence pursuant to 28 U.S.C. § 2255, filed

September 19, 2005; Respondent's Motion to Dismiss, filed November 7,

2007; and Petitioner's Motion to Strike Government's Response, filed

January 7, 2008.

  For the reasons stated herein, Petitioner's motion to vacate is denied

and the action dismissed.

# I. PROCEDURAL HISTORY

On June 12, 2002, Petitioner was one of eleven individuals named in a three-count superceding indictment which charged Petitioner with one count of conspiracy to possess with intent to distribute at least 50 grams of a mixture containing methamphetamine in violation of 21 U.S.C. §§ 841, 846, and 851. The indictment also set forth that Petitioner committed this offense after a prior felony drug conviction had become final. **Superseding Bill of Indictment, filed June 12, 2002.** On January 7, 2003, after a two-day jury trial, Petitioner was found guilty of conspiring to possess with intent to distribute at least 50 grams of a mixture containing methamphetamine. **Jury Verdict Sheet, filed January 7, 2003.** On July 1, 2003, this Court sentenced Petitioner to 360 months imprisonment. **Judgment of Conviction in a Criminal Case, filed July 11, 2003**. On July 15, 2003, Petitioner filed a timely notice of appeal. **Notice of Appeal, filed July 15, 2003**.

On appeal Petitioner argued that this Court erred in admitting evidence from the searches of his residences; that the Court's jury instructions constructively amended the indictment; and that the Court erred at sentencing in determining the drug quantity for which Petitioner

should be held liable.  On March 16, 2004, the Fourth Circuit affirmed

Petitioner's conviction and sentence.  ***United States v. Hughes***, **95 F.**

**App'x 467 (4th Cir.  2004)**.  Petitioner filed a petition for writ of *certiorari*

with the Supreme Court arguing that the trial court's jury instructions

constructively amended the superceding indictment.  The Supreme Court

denied the petition on October 4, 2004.  ***Carrizoza v. United States*, 543**

**U.S. 849 (2004).**

On September 19, 2005,  Petitioner timely filed this § 2255 motion

arguing that: 1) his counsel was ineffective for failing to raise a sufficiency

of the evidence argument on appeal; 2) his counsel was ineffective for

failing to challenge this Court's jurisdiction; 3) his counsel was ineffective

for failing to challenge his alleged confession used at trial; 4) in light of the

*Booker* decision, Petitioner's case should be remanded for further

sentencing proceedings; and 5) his counsel was ineffective for failing to

preserve *Blakely* issues on appeal.

## II. DISCUSSION

### A. Ineffective Assistance of Counsel

Petitioner's contentions that he received ineffective assistance of counsel are governed by the holding in *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby, that is, there is a reasonable probability that but for the error, the outcome would have been different. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. *Id.* **at 689**; ***Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1297-99 (4th Cir. 1995)**. Petitioner bears the burden of proving *Strickland* prejudice. *Id.* **at 1297.** If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." *Id.* **at 1290.** Moreover, courts must be highly deferential to strategic choices made by trial counsel. ***Strickland, supra.*** In addition, every effort must "be made to eliminate the distorting effects of hindsight[.]" *Id.*

## B. Failure to Challenge Insufficiency of the Evidence

Petitioner alleges that his counsel was ineffective because she failed to raise an insufficiency of the evidence claim on appeal. More specifically, Petitioner alleges that the Government's evidence was insufficient to prove that Petitioner knowingly participated in a single conspiracy. In support of his claim, Petitioner asserts that no forensic evidence exists tying him to the crime; he never traveled with his co-conspirators; he only admitted to part of the transactions; he never gave money to co-conspirators; no testimony undermined Petitioner's credibility; and Petitioner never traveled to or from North Carolina.

At the outset, the Court notes the exacting standard used to evaluate ineffective assistance of counsel claims based upon a failure to raise a claim on direct review. *See Smith v. Robbins*, **528 U.S. 259, 288 (2000) ("Notwithstanding [*Jones v. Barnes*, 463 U.S. 745 (1983)], it is still possible to bring a *Strickland* claim based on counsel's failure to raise a particular claim, but it is difficult to demonstrate that counsel was incompetent."); *Smith v. Murray*, 477 U.S. 527, 536 (1986) (calling the "winnowing" of arguments the "hallmark" of effective advocacy,**

**even where the advocate failed to anticipate which issue would grab the court's attention).**

In evaluating the decision of Petitioner's counsel not to raise a sufficiency of the evidence claim on direct review, this Court is also cognizant of the fact that it is difficult for appellants to prevail on sufficiency of the evidence claims on direct appeal. *See e.g., United States v. Martin*, **523 F.3d 281, 288 (4th Cir. 2008) (a defendant carries "an imposing burden to successfully challenge the sufficiency of the evidence") (citing *United States v. Beidler*, 110 F.3d 1064, 1067 (4th Cir. 1997)); *United States v. Hicks*, 368 F.3d 801, 804-05 (7th Cir. 2004) (sufficiency of the evidence claims rarely succeed because a jury's verdict is owed great deference); *United States v. Zambrano*, 776 F.2d 1091, 1094 (2d Cir. 1985) ("A defendant who challenges the sufficiency of the evidence is seldom successful.").** In addition, this Court is mindful of the Fourth Circuit's deferential standard for conspiracies which only increases the difficulty of succeeding on such a claim. *See United States v. Burgos*, **94 F.3d 849, 857-62 (4th Cir. 1996).**

In this case, Petitioner does not dispute that he engaged in a buy-sell relationship with his co-Defendant Barry Scott. Nor does he dispute that

he was selling methamphetamine to Scott in pound quantities a couple of

times a month for numerous months.[1]  These admissions are sufficient to

support a conclusion that Petitioner was involved in a conspiracy to

distribute methamphetamine.  Indeed, Petitioner's appellate counsel states

in her affidavit that given the undisputed evidence that Petitioner sold

larger than personal use quantities of methamphetamine, she viewed the

evidence as sufficient to support the jury's verdict even if Petitioner did not

know all of the people involved.[2]  **Exhibit A, Affidavit of Sue Genrich**

**Berry,** *attached to* **Respondent's Memorandum regarding Petitioner's**

**Sufficiency-of-the-Evidence-on-Appeal Claim, filed June 19, 2008, ¶¶**

**6-8.**  The Fourth Circuit has found that "evidence of a buy-sell transaction,

when coupled with a substantial quantity of drugs, would support a

---

[1]  According to the presentence report, Petitioner sold Scott one to six pound quantities of methamphetamine at a time, two to three times a month.  **PreSentence Report, prepared April 21, 2003, ¶ 13.**  The report further stated that Petitioner was "responsible for the distribution/knowledge of in excess of 39.6 pounds (17.96 kilograms) of methamphetamine during the course of his involvement in this conspiracy." *Id.* **¶ 15.**

[2]  Petitioner raised three claims on direct review: 1) prosecutorial misconduct related to the unnoticed admission of Rule 404(b) evidence;  2) constructive amendment of the indictment; and 3) a drug-amount sentencing claim.  While none of these claims prevailed, appellate counsel's advocacy regarding these claims bespeaks of appellate constitutional effectiveness.

reasonable inference that the parties were coconspirators." ***United States v. Mills*, 995 F.2d 480, 485, n.1 (4ᵗʰ Cir. 1993); *see also United States v. Yearwood*, 518 F.3d 220, 226 (4ᵗʰ Cir. 2008) (denying insufficiency of the evidence claim on direct appeal based upon existence of buyer-seller relationship and substantial quantity of drugs); *United States v. Brown*, 856 F.2d 710, 712 (4ᵗʰ Cir. 1988) (dismissing insufficiency of the evidence claim and noting that "[t]he large quantity of cocaine involved here supports an inference or presumption that appellant knew that he was 'a part of a venture which extend[ed] beyond his individual participation[.]") (quotation marks omitted)); *United States v. Hill*, 163 F. App'x 203, 204 (4ᵗʰ Cir. 2006) (dismissing insufficiency of the evidence claim on direct appeal because "jury could infer from the ongoing nature of the sales, and the amount of crack cocaine involved, that a conspiracy existed").**  Based upon the facts of Petitioner's case and the case law, and keeping in mind the standards of review involved, this Court cannot conclude that Petitioner's counsel's performance was deficient when she elected not to raise a sufficiency of the evidence claim on direct appeal.  ***Strickland, supra* (courts must be highly deferential to strategic choices made by trial counsel and every**

**effort must "be made to eliminate the distorting effects of hindsight[.]").**

Moreover, the Court finds Petitioner has not established he was prejudiced by his appellate counsel's failure to raise an insufficiency of the evidence claim. That is, Petitioner has not established that had his appellate counsel raised such a claim, the outcome of his appeal would have been different. ***Smith*, 528 U.S. at 286.** As cited above, numerous cases relying upon the amounts of drugs distributed and the frequency of such transactions have held that such evidence is sufficient. ***Mills, supra; Yearwood, supra; Brown, supra; Hill, supra.*** None of the cases cited by Petitioner involve a large amount of drugs knowingly sold by one defendant to another on numerous occasions where such facts were found to be insufficient to support a conviction.[3] As such, this Court concludes that Petitioner has failed to establish that had his counsel raised a claim on

---

[3] Petitioner has attempted to distinguishing the facts in *Burgos* from the facts here. It is certainly arguable that *Burgos* presented a stronger case that a conspiracy existed there than in this case. However, that is not the question before this Court. Rather, the question is whether Petitioner has established that viewing the evidence in the light most favorable to the Government, substantial evidence did not exist to support the jury's verdict. ***Beidler*, *supra.***

appeal based upon insufficiency of the evidence such claim would have prevailed.

## C.  Failure to Challenge Venue

Petitioner also alleges that his counsel was ineffective for failing to challenge this Court's jurisdiction.  More specifically, Petitioner alleges that venue is limited to the place where the essential conduct elements of the offense occurred and that proper venue in this case was in California.

Petitioner's claim fails because, at a minimum, he cannot establish that he was prejudiced.  That is, Petitioner does not establish by a "reasonable probability" that the outcome would have been different if his counsel had filed a change of venue motion.  Petitioner provides no support whatsoever for his assertion that had such a motion been filed and been successful the authorities in California might have opted not to pursue charges against him.  A § 2255 claim cannot prevail when it is completely based upon speculation.[4]

---

[4] Petitioner was charged and convicted for a conspiracy that distributed large amounts of methamphetamine in North Carolina; the fact that he was never in North Carolina has no bearing on the issue of venue. *See United States v. Al-Talib*, 55 F.3d 923, 928 (4th Cir. 1995) ("acts of one co-conspirator can be attributed to all members of conspiracy");

**D. Failure to Challenge Admission of Confession**

Petitioner also alleges that his counsel was ineffective because he failed to challenge the use of Petitioner's confession at trial. More specifically, Petitioner argues that his limited English rendered his alleged confession involuntary. In his reply brief, Petitioner clarifies that he is asserting that the confession was involuntary based upon the fact that he was not "Mirandized"[5] before the "first conversation" he had outside the Alloway residence with Officer Chavez. **Petitioner's Reply to Government's Motion to Dismiss, filed January 3, 2008, at 4.** Petitioner asserts that "he does not know, or have any way of knowing, how much of the information gained by Agent Chavez was gained before he was *Mirandized* and, since defense counsel was clearly aware of this potential issue, a Motion to Suppress should have been pursued." *Id*.

The Court is perplexed by Petitioner's assertion. Petitioner was present during the first conversation between Agent Chavez and himself;

---

***United States v. Gilliam*, 975 F.2d 1050, 1057 (4th Cir. 1992) ("a conspiracy may be prosecuted in any district in which the agreement was formed or in which an act in furtherance of the conspiracy was committed").**

[5] ***See Miranda v. Arizona*, 384 U.S. 436 (1966).**

therefore, he knows what possible incriminating statements he said.  As such, Petitioner's failure to assert a factual basis for this claim results in his failure to carry his burden and his claim on this basis is dismissed.[6]

**E.  Booker Claim**

Petitioner alleges that in light of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), he should be resentenced and *Booker* applied retroactively to his case.  The parties have now agreed that the argument that *Booker* may be applied retroactively to cases on collateral review has been foreclosed by the Fourth Circuit.  ***See United States v. Morris*, 429 F.3d 65, 70 (4th Cir. 2005), *cert. denied*, 127 S. Ct. 121 (2006).**  Therefore, this claim is dismissed.[7]

---

[6] The Government states that the record shows Petitioner did not confess during this conversation, but rather during a second conversation after he was "*Mirandized*".  **Government's Reply in Support of its Motion to Dismiss, filed January 4, 2008, at 8.**

[7] *Morris* was decided two months after Petitioner's counsel filed this § 2255 on his behalf.  No notice of supplemental authority was ever filed.  Interestingly, Petitioner's counsel raises an ineffective assistance claim against Petitioner's appellate counsel for failing to supplement a *certiorari* petition with the *Blakely* case.  ***See Blakely v. Washington*, 542 U.S. 296 (2004).**  Such irony is not lost on the Court.

## F. Ineffective Assistance for Failing to Preserve *Blakely* Issue

Petitioner also alleges that his counsel was ineffective for failing to supplement his then pending petition for a writ of *certiorari* with a brief setting forth a *Blakely* claim. Petitioner argues that because the drug quantity was not determined by a jury and he received a sentence under the Guidelines based upon a drug quantity found by a preponderance of the evidence, such a supplement should have been filed.

The jury found beyond a reasonable doubt that Petitioner was guilty of conspiracy to possess with intent to distribute at least 50 grams of a mixture containing methamphetamine. **Jury Verdict Sheet, *supra***. The minimum statutory sentence for such a violation when a defendant has a prior felony drug conviction is 20 years imprisonment and the maximum statutory penalty is life imprisonment. **See 21 U.S.C. § 841(b)(1)(A).** Because Petitioner was sentenced to 360 months imprisonment – a sentence below the statutory maximum established by facts found by the jury – Petitioner was not prejudiced by his appellate counsel's failure to supplement his *certiorari* petition to raise this issue.

**G. Motion to Strike**

Petitioner has filed a motion to strike the Government's January 4, 2008, response in which the Government's accused counsel of deliberately misleading this Court as to the retroactivity of the Supreme Court's holding in *Booker*.

The Government has refiled its January 4, 2008, brief removing the *Booker* arguments in light of Petitioner's concession as to the lack of merit of this issue.  As such, Petitioner's motion is now moot.


**III.  ORDER**

**IT IS, THEREFORE, ORDERED** that Respondent's motion to dismiss is **GRANTED**, and Petitioner's motion to vacate, set aside, or correct sentence is **DENIED**.  A Judgment dismissing this action is filed herewith.

**IT IS FURTHER ORDERED** that the Petitioner's motion to strike is **DENIED** as moot.

Signed: September 2, 2008

Lacy H. Thornburg
United States District Judge