THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:02-cr-00045-MR-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| MANUEL CARRIZOZA, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion to Order Respondent to Produce . . . Brady Material" [Doc. 354] and the Defendant's "Request for Order" [Doc. 355].

On January 7, 2003, the Defendant was found guilty after a jury trial of conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846. [Doc. 177]. In July 2003, he was sentenced to 360 months imprisonment by the Honorable Lacy H. Thornburg, United States District Judge.[1] [Doc. 222]. The Defendant's conviction and sentence were

---

[1] Upon Judge Thornburg's retirement, this matter was reassigned to the undersigned.

affirmed by the United States Court of Appeals for the Fourth Circuit in March 2004. <u>United States v. Carrizoza</u>, 95 F. App'x 467 (4th Cir.), <u>cert. denied</u>, 543 U.S. 849 (2004).

Thereafter, the Defendant moved to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. [Doc. 293]. The Court denied this motion on September 2, 2008. [Doc. 332]. The Defendant appealed the denial of that motion, but on June 30, 2009, the Fourth Circuit denied a certificate of appealability and dismissed the Defendant's appeal. <u>Carrizoza v. United States</u>, 328 F. App'x 234 (4th Cir.), <u>cert. denied,</u> 130 S.Ct. 567 (2009).

In April and May 2012, the Defendant filed motions requesting copies of all court documents at the Government's expense. [<u>See</u> Docs. 341, 345]. The Court denied these motions. [Docs. 343, 346]. In May 2014, the Defendant again moved for the production of court documents, this time specifically requesting a copy of his Indictment and his Presentence Report (PSR). [Doc. 351]. On May 20, 2014, the Court denied the Defendant's request for a copy of his PSR but directed the Clerk to send the Defendant a copy of his Indictment. [Doc. 352].

The Defendant now returns to this Court, requesting that the Court order the Government to produce all materials related to his prior criminal

offenses. [Doc. 354]. He further moves the Court to order his former trial counsel to provide him with "all discovery records and reports." [Doc. 355].

In his motions, the Defendant refers to the necessity of obtaining copies of all documents filed in his case for use in a future § 2255 proceeding. The Defendant's criminal case is concluded, however, and the Fourth Circuit has affirmed his conviction and sentence. Likewise, his § 2255 motion has been denied and his attempt to appeal that denial was dismissed. In short, there is nothing pending before this Court, and absent authorization from the Fourth Circuit Court of Appeals, the Defendant is not entitled to file a successive § 2255 petition.

The Defendant has failed to demonstrate a particularized need for the requested documents. Prisoners are not entitled to copies of documents at government expense absent a showing of particularized need. See United States v. MacCollom, 426 U.S. 317, 326-27 (1976); United States v. Parker, 273 F. App'x 243, 244 (4th Cir. 2008). "[A]n indigent is not entitled to a transcript [and other documents] at government expense without a showing of need, merely to comb the record in the hope of discovering some flaw." Jones v. Superintendent, Virginia State Farm, 460 F.2d 150, 152 (4th Cir. 1972) (citation omitted).

As for the Defendant's request for an Order requiring his former counsel to produce discovery materials to him, the Court notes that the Defendant's former counsel, Ronald C. True, passed away in March 2013. In any event, the Defendant has failed to show a particularized need for any of the requested materials. Accordingly, his request for the production of documents from his former counsel is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion to Order Respondent to Produce . . . Brady Material" [Doc. 354] and the Defendant's "Request for Order" [Doc. 355] are **DENIED**.

**IT IS SO ORDERED.** Signed: May 13, 2015

Martin Reidinger
United States District Judge