# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:02-cr-00045-MR-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) </br> ) </br> Plaintiff, ) </br> ) </br> vs. ) </br> ) </br> ) </br> MANUEL CARRIZOZA, ) </br> ) </br> Defendant. ) </br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's "Motion to Vacate Count . . . One" and Alternative "Motion to Reopen Case" [Doc. 388].

The Defendant was charged along with ten co-defendants with conspiring to possess with intent to a quantity of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1), and 851 (Count One). [Doc. 6]. On January 7, 2003, a jury found the Defendant guilty of the conspiracy charge. [Doc. 177].

A Presentence Report (PSR) was prepared in advance of the Defendant's sentencing. In the PSR, the probation officer calculated a total offense level of 38 for the conspiracy offense based on the 17.96 kilograms

of methamphetamine for which the Defendant was responsible. [Doc. 384 at 6]. The probation officer further noted that the Defendant had two prior felony convictions for possession of narcotic controlled substances and second degree robbery under California law, and one prior misdemeanor conviction for inflicting corporal injury on a spouse or cohabitant under California law, resulting in a criminal history category of IV. [Id. at 7-8]. Because of the Defendant's prior felony drug conviction, the Defendant faced a mandatory minimum sentence of 20 years. See 21 U.S.C. §§ 841(b)(1)(A) and 851. Based on his total offense level of 38 and a criminal history category of IV, the Defendant's recommended guideline range was 324-405 months. [Id. at 11].

The Defendant was sentenced on July 1, 2003 to a term of 360 months' imprisonment. [Doc. 222]. The Fourth Circuit Court of Appeals affirmed his conviction and sentence on March 19, 2004. [Doc. 271]. Thereafter, the Defendant filed a motion to vacate his conviction pursuant to 28 U.S.C. § 2255. [Doc. 293]. That motion was denied on September 2, 2008. [Doc. 332]. The Defendant appealed, but the Fourth Circuit denied a certificate of appealability and dismissed his appeal on June 30, 2009. [Doc. 338].[1]

---

[1] The Defendant subsequently sought authorization with the Fourth Circuit to file a second or successive § 2255 motion, but the Fourth Circuit denied his motion for authorization

On February 25, 2016, the Court reduced the Defendant's sentence from 360 months to 291 months pursuant to 18 U.S.C. § 3582 and Amendment 782 to the Sentencing Guidelines. [Doc. 381].

The Defendant now returns to this Court, arguing for a further reduction of his sentence in light of his exemplary behavior in prison and his allegedly non-violent criminal history. [Doc. 388]

The Court may reduce a criminal sentence only in limited circumstances. Pursuant to 18 U.S.C. § 3582(c), the Court may reduce or sentence only: (1) upon motion of the Director of the Bureau of Prisons, if certain extraordinary and compelling reasons so warrant; (2) under the express authority of Rule 35 of the Rules of Criminal Procedure, which provides that the Court may correct a clear error in a sentence within 14 days after sentencing or reduce a sentence upon motion by the Government for the defendant's substantial assistance; or (3) when a defendant is sentenced to a term of imprisonment based upon a sentencing range that was subsequently lowered by the United States Sentencing Commission. See 18 U.S.C. § 3582(c). None of these circumstances, however, are applicable in the present case.

---

on June 3, 2016. [Doc. 386].

In arguing that his conviction should be vacated and his sentence reduced to a sentence of time served, the Defendant relies on the so-called "Holloway doctrine." [Doc. 388 at 1-2]. The Holloway doctrine gets its name from a decision of the Eastern District of New York, United States v. Holloway, 68 F. Supp. 3d 310 (E.D.N.Y. 2014). In that case, Holloway and an accomplice stole three cars at gunpoint over a two-day period. Holloway was charged with three counts of carjacking and three counts of using a firearm during the commission of a violent felony, in violation of 18 U.S.C. § 924(c). Id. at 312. He was convicted on all six counts and was sentenced to 151 months concurrent on each of the carjackings and a series of consecutive sentences for the § 924(c) convictions, resulting in a total term of imprisonment in excess of 57 years. Id. at 312-13. Holloway's sentence was affirmed on appeal, and subsequent § 2255 petitions were unsuccessful. Id. at 313-14. Holloway then moved to reopen his initial § 2255 petition pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Id. at 314. The district judge, apparently troubled by the harshness of Holloway's sentence but recognizing that there were "no legal avenues or bases for vacating it," urged the United States Attorney to agree to an order vacating one or more of Holloway's § 924(c) convictions. Id. The United States Attorney declined to agree to such an order, observing instead that

Holloway may be eligible for clemency.  Id.  After the Department of Justice announced the criteria it would use in its nationwide clemency initiative, the district court determined that Holloway was likely disqualified from seeking clemency.  Accordingly, the district court asked the United States Attorney to reconsider her position.  Id.  She agreed to do so and withdrew her opposition to Holloway's Rule 60(b) motion.  Id.  Thereafter, the district court vacated two of Holloway's § 924(c) convictions and imposed a sentence of time served.  United States v. Holloway, No. 1:95-cr-00078-JG-4 (E.D.N.Y.), ECF No. 259.

The rationale underlying Holloway has no application here.  Here, the Defendant was convicted of a single charge of conspiracy.  Holloway involves the dismissal of some, but not all, of the counts of conviction under § 924(c) in order to ameliorate the severe result of stacking multiple, consecutive sentences for those convictions.  The Defendant faced no mandatory consecutive sentences in this case.  Rather, the Defendant seeks to revisit his sentence with the benefit of hindsight.  The law, however, affords no such remedy.

In addition, the Fourth Circuit has not approved the rationale applied in Holloway.  Indeed, every district court within this Circuit which has addressed the issue has declined to apply Holloway to reduce a defendant's sentence.

See, e.g., Green v. United States, No. 4:06-cr-01322-TLW-4, 2017 WL 679644, at *3 (D.S.C. Feb. 12, 2017) ("Notably absent from Holloway is an explanation of any statutory or constitutional basis for vacating Holloway's convictions."); Slade v. United States, Nos. 4:08-CR-3-FL, 4:13-CV-132-FL, 2016 WL 3911918, at *4 (E.D.N.C. July 15, 2016) ("Holloway is not binding on this court, and it involved different charges and resentencing considerations."), appeal dismissed, 675 F. App'x 360 (4th Cir. 2017); Wade v. United States, Nos. JKB-15-3372, JKB-77-0565, 2015 WL 7732834, at *2 (D. Md. Nov. 30, 2015) ("While the Holloway ruling is educational and the court is sympathetic to Wade's medical situation, it finds no basis to apply the benefits of the Holloway decision, a New York federal district court ruling, to Wade's criminal cases."). The Court agrees with these fellow district courts and concludes that the Holloway decision provides no basis for relief for the Defendant in the present case.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion to Vacate Count . . . One" and Alternative "Motion to Reopen Case" [Doc. 388] is **DENIED**.

**IT IS SO ORDERED.**

Signed: July 10, 2017

Martin Reidinger
United States District Judge