# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:02-cr-00045-MR-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| MANUEL CARRIZOZA, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for Sentence Reduction under U.S.C. § 3582(c)(1)(A). [Doc. 404].

## I. BACKGROUND

The Defendant Manuel Carrizoza was charged along with ten co-defendants with conspiring to possess with intent to a quantity of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1), and 851. [Doc. 6]. On January 7, 2003, a jury found the Defendant guilty of the conspiracy charge. [Doc. 177].

A Presentence Report (PSR) was prepared in advance of the Defendant's sentencing. In the PSR, the probation officer calculated a total offense level of 38 for the conspiracy offense based on the 17.96 kilograms of methamphetamine for which the Defendant was responsible. [Doc. 384

at 6]. The probation officer further noted that the Defendant had prior felony convictions for possession of narcotic controlled substances and second degree robbery under California law, and a prior misdemeanor conviction for inflicting corporal injury on a spouse or cohabitant under California law, resulting in a criminal history category of IV. [Id. at 7-8]. Because of the Defendant's prior felony drug conviction, the Defendant faced a mandatory minimum sentence of 20 years. See 21 U.S.C. §§ 841(b)(1)(A) and 851. Based on his total offense level of 38 and a criminal history category of IV, the Defendant's guideline range was calculated to be 324-405 months. [Id. at 11].

The Defendant was sentenced on July 1, 2003 to a term of 360 months' imprisonment. [Doc. 222]. The Fourth Circuit Court of Appeals affirmed his conviction and sentence on March 19, 2004. [Doc. 271]. On February 25, 2016, the Court reduced the Defendant's sentence from 360 months to 291 months pursuant to 18 U.S.C. § 3582 and Amendment 782 to the Sentencing Guidelines. [Doc. 381]. The Defendant is currently incarcerated at FCI Safford, and his projected release date is October 21, 2023.[1] However, upon

---

[1] See https://www.bop.gov/inmateloc/ (last visited Apr. 1, 2022).

2

Case 1:02-cr-00045-MR  Document 406  Filed 04/01/22  Page 2 of 8

release, the Defendant is scheduled to be surrendered to a duly authorized immigration official for deportation.  [See Doc. 222 at 3].

The Defendant now moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  [Doc. 404].  Upon review of the motion, the Court has determined that no response is necessary from the Government.

## II. DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).  Here, the Defendant asserts that more than 30 days have passed since he first requested compassionate release from the warden of his facility.  [Doc. 404 at 2].  Accordingly, the Court will proceed to address the merits of the Defendant's compassionate release request.

As is relevant here, the Court may reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A)(i) for "extraordinary and compelling reasons

if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

Section 1B1.13 of the United States Sentencing Guidelines sets forth the Sentencing Commission's policy statement applicable to compassionate release reductions. See U.S.S.G. § 1B1.13. This policy statement, however, was adopted before the First Step Act, and the Sentencing Commission has not updated the policy statement to account for the fact that defendants are now permitted to file their own motions for compassionate release. In light of these circumstances, the Fourth Circuit Court of Appeals has held that § 1B1.13 is no longer an "applicable" policy statement that constrains the discretion of the district courts in finding that "extraordinary and compelling reasons" exists to warrant a reduction in sentence. See United States v. McCoy, 981 F.3d 271, 282 (4th Cir. 2020) ("By its plain terms, . . . § 1B1.13 does not apply to defendant-filed motions under § 3582(c)(1)(A)"). Thus, this Court is "empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise." Id. at 284 (quoting United States v. Zullo, 976 F.3d 228, 230 (2d Cir. 2020)). Nevertheless, the Court

4

recognized, that the policy statement "remains helpful guidance even when motions are filed by defendants." Id. at 282 n.7. The Defendant bears the burden of establishing that he is eligible for a sentence reduction. United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016); United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014).

Here, the Defendant argues that extraordinary and compelling reasons exist due to "the need to prevent the spread of COVID-19 [and] Mr. Carrizoza's underlying medical conditions . . . ." [Doc. 404 at 3]. The Defendant, however, cites no health conditions that would make him particularly susceptible to severe illness or death from the novel coronavirus, and he has offered no medical records in support of his claims. The Court further notes that, contrary to the Defendant's argument, the Federal Bureau of Prisons ("BOP") has taken significant measures to protect the health of its inmates. See United States v. Johnson, No. 1:19-cr-00020-MR-WCM, 2020 WL 7646809, at *2-3 (W.D.N.C. Dec. 23, 2020) (Reidinger, C.J.). In addition to these measures, BOP has offered vaccinations to both its inmates and staff, which offers inmates further protection from the virus. Taken together, these measures are designed to mitigate sharply the risks of COVID-19 transmission in BOP institutions while allowing BOP to continue to fulfill its

mandate of incarcerating those persons sentenced or detained based on judicial orders. Given BOP's efforts, the fact that the Defendant faces a potential risk of contracting the virus while incarcerated, without more, is not sufficient to justify the relief he requests. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.").

The Defendant also cites "his age now and his youth at the time of his offense" as grounds for release. [Doc. 404 at 3]. The Defendant, however, was 45 years old at the time of his underlying offense; he has now served approximately 20 years in prison and is now 65 years old. The Defendant's age—either currently or at the time of his offense—does not qualify as an extraordinary and compelling reason for his early release.

Finally, the Defendant cites "the injustice to Mr. Carrizoza, . . and his significant rehabilitation over the significant length of time that Mr. Carrizoza has already served in prison" as grounds for release. [Doc. 404 at 3]. The Defendant, however, offers no explanation as to what injustice he has

6

allegedly suffered, and he offers no evidence of any rehabilitation he has undertaken during his 20 years of incarceration.

For all of these reasons, the Court concludes that the Defendant has failed to carry his burden of demonstrating extraordinary and compelling reasons for his release.

Even if the Defendant could establish an extraordinary and compelling reason for his release, this Court still must consider the § 3553(a) factors, as "applicable," as part of its analysis of determining whether a sentence reduction is warranted. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).

Here, the Defendant's crime was extremely serious. The Defendant was involved in a drug conspiracy and was found personally responsible for nearly 18 kilograms of methamphetamine. Additionally, the Defendant has a significant criminal history, including prior felony convictions for possession of narcotic controlled substances and second degree robbery under California law, and a prior misdemeanor conviction for inflicting corporal injury on a spouse or cohabitant under California law. Both at the time of his initial sentencing, and then later when he was resentenced as a result of Amendment 782, the Court considered all the § 3553(a) factors in imposing

his sentence. The Defendant has cited no new information not previously known to the Court, nor any change of circumstances, that would merit a reduced sentence now.

In sum, the Court finds that there are no "extraordinary and compelling reasons" for the Defendant's release and that analysis of the relevant § 3553(a) factors continue to weigh in favor of his continued incarceration. Accordingly, the Defendant's Motion for Compassionate Release is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) [Doc. 404] is **DENIED**.

**IT IS SO ORDERED.**

Signed: April 1, 2022

Martin Reidinger
Chief United States District Judge