IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:02-cr-00045-MR--1

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>)<br>MANUEL CARRIZOZA, )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's "Motion for Resentencing" [Doc. 407].

**I.    PROCEDURAL BACKGROUND**

The Defendant Manuel Carrizoza was charged along with ten co-defendants with conspiring to possess with intent to a quantity of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1), and 851. [Doc. 6]. On January 7, 2003, a jury found the Defendant guilty of the conspiracy charge. [Doc. 177]. The Defendant was sentenced on July 1, 2003 to a term of 360 months' imprisonment. [Doc. 222]. The Fourth Circuit Court of Appeals affirmed his conviction and sentence on March 19, 2004. [Doc. 271]. In 2005, the Defendant filed a Motion to Vacate pursuant to 28 U.S.C. § 2255. [Doc. 293]. The Court denied and dismissed the Motion

to Vacate on September 2, 2008. [Doc. 332]. On February 25, 2016, the Court reduced the Defendant's sentence from 360 months to 291 months pursuant to 18 U.S.C. § 3582 and Amendment 782 to the Sentencing Guidelines. [Doc. 381].

The Defendant now brings this motion for resentencing, arguing that his prior convictions should not have been used to enhance his sentence. [Doc. 407].

**II.  DISCUSSION**

In his motion, the Defendant attacks the validity of his conviction and sentence. Moreover, the type of relief that the Defendant seeks in the present motion is identical to the relief that could be obtained through a successful Section 2255 proceeding. Accordingly, the Court will treat his motion to dismiss as a motion brought pursuant to Section 2255. See Gonzalez v. Crosby, 545 U.S. 524, 531 (2005); United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that "[a] prisoner in custody under sentence of a court established by Act of Congress . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The AEDPA,

however, provides a specific limitation on a prisoner's ability to bring a second or successive motion under § 2255:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

The Defendant has provided no evidence that he has secured authorization from the Fourth Circuit to file a second § 2255 motion; therefore, this Court is without jurisdiction to consider the merits of the present motion, and it will be dismissed.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Defendant has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a Defendant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims

debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a Defendant must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion for Resentencing" [Doc. 407] is **DENIED** and **DISMISSED** as a successive petition.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: September 27, 2022

Martin Reidinger
Chief United States District Judge

4